**Affirmed and Opinion filed August 19, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-13-00496-CR
### NO. 14-13-00497-CR

### JACOB ALFRED BLANKEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1275305 and 1277140**

## O P I N I O N

Appellant challenges his convictions and sentences for reckless injury to a child and assault on a family member. We first consider whether the trial court erred in declining to instruct the jury on the lesser-included offense of criminally negligent injury to a child. We next analyze whether appellant preserved error regarding an alleged violation of the Confrontation Clause and whether the trial court erred in its instruction to the jury regarding appellant's parole eligibility.

With respect to the instruction regarding parole eligibility, we are called upon to determine whether the offense of recklessly causing serious bodily injury to a child is an offense listed in article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2010, a few weeks after the birth of her son, T.L.B., complainant Tracy Johnson began living with the child's father, appellant Jacob Alfred Blanken. Shortly after moving in, Johnson asked appellant to watch T.L.B. while she accepted a babysitting job. Appellant responded to the request angrily. The interaction escalated. Johnson testified that appellant hit her on the backside of the head and began attacking her with his fists and knees. She screamed at appellant, "I have [T.L.B.] in my arms, stop hitting me, stop punching me, stop, I have [T.L.B.] in my arms." Johnson attempted to shelter T.L.B. from the trauma inflicted by appellant's hand and knee by placing T.L.B. between her body and a wall in the home. A roommate eventually intervened, and appellant stopped the attack. Johnson noticed that T.L.B. had a "softball sitting on the side of his head" and took him to the emergency room. T.L.B. was diagnosed with a subarachnoidal hemorrhage and skull fracture. Johnson had contusions on both sides of her face and displayed bruising.

Appellant was charged by indictments with the offenses of assault against a family member and recklessly causing serious bodily injury to a child. At trial, appellant pleaded "not guilty" to the charged offenses and did not put on a defense. At the close of evidence, appellant requested a jury instruction on the lesser-included offense of causing serious bodily injury to a child by criminal negligence. The trial court denied appellant's request. The jury found appellant guilty as to both charged offenses. During the punishment phase, the jury found an enhancement paragraph to be true and assessed punishment at fifteen years'

2

confinement for the assault and twenty-eight years' confinement for reckless serious bodily injury to a child.

## II. ISSUES AND ANALYSIS

Appellant asserts three issues on appeal: (1) the trial court erred in refusing to instruct the jury on the lesser-included offense of causing serious bodily injury to a child by criminal negligence; (2) appellant's Confrontation-Clause rights were violated; and (3) the trial court erred in its instruction to the jury regarding parole law.

### A. Did the trial court err in failing to charge the jury regarding the lesser-included offense of causing serious bodily injury to a child by criminal negligence?

The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser-included offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 2014). A two-step analysis is employed to determine whether a lesser-included-offense instruction should be given. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011). In the first step, the inquiry is whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Id.* at 68. The offense of causing serious bodily injury to a child by criminal negligence is a lesser-included offense of the offense of recklessly causing serious bodily injury to a child. *See Wortham v. State*, 412 S.W.3d 552, 554–55 (Tex. Crim. App. 2013). We therefore proceed to the second step.

The second step of the lesser-included offense analysis is to determine if there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed*, 351 S.W.3d at 68. The evidence adduced at trial is an important part of the court's decision whether to charge the jury on lesser-included offenses. *Hall v. State*, 225

S.W.3d 524, 536 (Tex. Crim. App. 2007). There must be some evidence in the record "that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Id.* Further, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." *Id.* Though this threshold is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). In other words, we review all of the evidence presented at trial, and the standard may be satisfied if some evidence refutes other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Lopez v. State*, 402 S.W.3d 55, 57 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

For appellant to have been entitled to a lesser-included-offense instruction, the record must contain evidence that would have permitted the jury rationally to find that, if appellant is guilty, he is guilty only of the lesser-included offense of causing serious bodily injury to a child by criminal negligence. *Hall*, 225 S.W.3d at 536. Appellant points out that the only difference between causing serious bodily injury to a child by criminal negligence and recklessly causing serious bodily injury to a child is the culpable mental state. Under Texas Penal Code section 6.03(c), "[a] person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." Tex. Penal Code Ann. § 6.03(c) (West 2014). In contrast, Texas Penal Code Section 6.03(d) provides that "[a] person acts with criminal negligence, or is criminally negligent, with respect to

4

circumstances surrounding his conduct or the result of his conduct when he ought to be aware the circumstances exist or the result will occur." Appellant argues that because he claimed to have struck T.L.B. by accident, a rational juror could have found that he simply was negligent in failing to perceive that T.L.B. could have been struck or seriously injured.

Appellant argues that it is hard to imagine a set of facts that would justify an instruction on reckless conduct but preclude an instruction on criminally negligent conduct. Relying on *Wortham v. State*, appellant suggests that a defendant entitled to an instruction on reckless conduct is automatically entitled to an instruction on criminally negligent conduct. *See* 412 S.W.3d 552, 558 (Tex. Crim. App. 2013). In *Wortham*, the Court of Criminal Appeals determined that a defendant who presented evidence that he shook a baby in an attempt to revive her was entitled to an instruction on the lesser-included offenses of reckless injury to a child and criminally negligent injury to a child. *See id.* The high court determined that, under the circumstances in that case, if the jury believed the defendant's testimony, it could have determined that the defendant was not aware of the risks of shaking the baby. *See id.* *Wortham* does not stand for the notion that any defendant entitled to an instruction on reckless injury to a child is always entitled to an instruction on negligent injury to a child. *See id.* Indeed, Texas courts implicitly have rejected such an idea. *See, e.g., Dowden v. State*, 758 S.W.2d 264, 270 (Tex. Crim. App. 1988) (stating that evidence implicated reckless mental state but not negligent mental state).

Other than asserting that a defendant entitled to an instruction regarding reckless conduct is automatically entitled to an instruction regarding criminally negligent conduct, the only reason appellant proffers for entitlement to a charge on criminal negligence is that Johnson testified appellant did not intend to hit T.L.B.

5

That Johnson testified appellant did not intentionally hit the child does not mean appellant was unaware of the risk that his newborn baby would be injured while he attacked the woman holding him. *See Thomas v. State*, 699 S.W.2d 845, 851 (Tex. Crim. App. 1985) (concluding defendant who did not act intentionally was not entitled to instruction on criminal negligence). Though Johnson stated that appellant did not intend to strike T.L.B, she also testified that she pleaded with appellant to stop attacking her while T.L.B. was in her arms. Her testimony shows that appellant was aware T.L.B. was in the same location as Johnson. Appellant continued attacking Johnson with his fists and knees, even as she tried to shelter T.L.B. from the blows by placing him between her body and the wall. The record contains evidence that appellant was aware T.L.B. was in Johnson's arms while appellant attacked her and that he was aware of the risk that T.L.B. would be injured as he delivered the blows to Johnson, even if he did not intend to harm the infant.

The record contains no evidence to contradict Johnson's statement that appellant saw T.L.B., was aware that Johnson was attempting to shelter T.L.B., and that Johnson screamed at appellant to stop attacking her while the baby was in her arms. *See Cooks v. State*, 5 S.W.3d 292, 296 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding, in manslaughter case, that trial court properly denied request for instruction on criminally negligent homicide where no evidence showed driver was unaware of the risks of speeding). There is no evidence to support an instruction that appellant was only criminally negligent in injuring T.L.B. *See id.* Accordingly, we overrule appellant's first issue.

**B. Did appellant preserve error regarding his Confrontation-Clause complaint?**

In his second issue, appellant asserts that his rights under the Confrontation

6

Clause of the Sixth Amendment of the United States Constitution were violated during the punishment phase, when the trial court admitted evidence showing appellant's parole violations, without affording him an opportunity to cross-examine the sources of those allegations. Specifically, appellant argues that portions of State Exhibits 28, 30, 31, and 32 contain testimonial statements.

A defendant must preserve error in the trial court to argue on appeal that his right to confront witnesses was violated. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); Tex. R. App. P. 33.1(a)(1). To preserve error, a defendant must make a timely, specific objection. *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (holding that error must be preserved as to complaint based on Confrontation-Clause by a timely and specific objection). A minor reference to cross-examination is insufficient to preserve a Confrontation Clause objection if the objection made in the trial court could encompass an evidentiary objection as well as a Confrontation-Clause objection. *Austin v. State*, 222 S.W.3d 801, 811 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

Appellant objected to Exhibits 28, 30, and 31 because "the underlying probation facts are inadmissible." Appellant's counsel sought to clarify his objection by adding that he would not object if the facts were admitted into evidence through witness testimony, but that the facts were inadmissible as contained within the State's exhibits. At no point did counsel mention the Confrontation Clause, a constitutional complaint, or cross-examination. Appellant's generalized objection that the facts underlying appellant's probation violations were inadmissible is insufficient to preserve an objection based on the Confrontation Clause. *See id.* This issue is not properly preserved for appellate review. Accordingly, we overrule appellant's second issue.

7

**C. Is recklessly causing serious bodily injury to a child an offense within article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure when it is enhanced because the defendant committed a prior felony?**

Appellant argues that, because his conviction for reckless injury to a child was enhanced by his prior felony conviction, he was entitled to a punishment instruction under article 37.07, section 4(a) Texas Code of Criminal Procedure[1] that he is required to serve one-half of his sentence before he is eligible for parole.

An appellate court reviews a complaint regarding a jury charge to determine if error exists. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). If error exists, and the defendant objected to the charge at trial, the reviewing court will reverse if the error caused "some harm." *Id.* at 171. To determine if error exists in this case, we must address an issue of statutory construction. Because statutory construction is a question of law, we conduct a de novo review. *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). Under canons of statutory construction, we are to construe a statute according to its plain language. *Thompson v. State*, 236 S.W.3d 787, 792 (Tex. Crim. App. 2007). In determining the plain meaning of the language of a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Govt. Code Ann. § 311.011(a) (Vernon 2005); *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996). If the language of the statute is unambiguous, we may not go beyond the text of the statute in interpreting it. *Thompson*, 236 S.W.3d at 792.

At the charge conference, appellant requested an instruction under article

---

[1] Unless otherwise stated, all statutory references in this opinion are to the Texas Code of Criminal Procedure.

37.07, section 4(a), which provides:

> In the penalty phase of the trial of a felony case in which the punishment is assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3g(a)(1) of Article 42.12, of this code, or if the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12 of this code, . . . the court shall charge the jury in writing as follows:
>
> . . .
>
> "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. . . .

Tex. Code of Crim. Proc. Ann. art. 37.07, § 4(a) (West 2011).

The trial court denied this request, and instead instructed the jury under article 37.07, section 4(b), which provides:

> In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the first degree, if a prior conviction has been alleged for enhancement of punishment as provided by Section 12.42(b), (c)(1) or (2), or (d), Penal Code, or if the offense is a felony not designated as a capital felony or a felony of the first, second, or third degree and the maximum term of imprisonment that may be imposed for the offense is longer than 60 years, *unless the offense of which the jury has found the defendant guilty* is an offense that is punishable under Section 21.02(h), Penal Code, or *is listed in Section 3g(a)(1), Article 42.12, of this code* or the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, of this code, the court shall charge the jury in writing as follows:
>
> . . .
>
> "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is

9

less. . . .

*Id.* § 4(b) (emphasis added).  The jury did not make a finding under article 42.12(a), section 3g(a)(2), and neither of the offenses of which the jury found appellant guilty was an offense punishable under Penal Code section 21.02(h).  *See id.* art. 42.12(a), §3g(a)(2) (West 2011); Tex. Penal Code §21.02(h) (West 2009).  If the offense of which the jury found appellant guilty is an offense listed in article 42.12,  section 3g(a)(1), then the trial court erred in instructing the jury under article 37.07, section 4(b).  *See* Tex. Code of Crim. Proc. Ann. art. 37.07, § 4(b).  If the offense of which the jury found appellant guilty is not an offense listed in article 42.12,  section 3g(a)(1), then the trial court correctly instructed the jury under article 37.07, section 4(b).  *Id.*

The jury found appellant guilty of the offense of recklessly causing serious bodily injury to a child under Penal Code section 22.04(a)(1).  In addressing this issue of apparent first impression, we must determine whether this offense is listed in article 42.12, section 3g(a)(1).  Of the offenses enumerated in this statute, the only offense that might be the offense for which appellant was convicted is "an offense under . . . Section 22.04(a)(1), Penal Code (Injury to a child, elderly individual, or disabled individual), if the offense is punishable as a felony of the first degree and the victim of the offense is a child."  *Id.* art. 42.12(a), §3g(a)(1)(I).  Under section 22.04(a)(1) of the Penal Code, a person commits an offense if he causes serious bodily injury to a child.  Tex. Penal Code Ann. § 22.04(a)(1) (West 2009).  This offense is a felony of the first degree if the conduct is committed intentionally or knowingly.  *Id.* § 22.04(e).  If the conduct is engaged in recklessly, the offense is a felony of the second degree.  *Id.*  But, a defendant who commits a felony in the second degree, including recklessly causing serious bodily injury to a child, shall be punished for a first-degree felony if it is shown on the trial of the second-degree felony that the defendant has once before been convicted of a

10

felony. Tex. Penal Code Ann. § 12.42(b) (West 2009). Because the jury found during the punishment phase that appellant previously had been convicted of a felony, appellant was punished for a first degree felony. *See id.* Appellant now argues that because he was punished for a first-degree felony, the offense for which the jury found appellant guilty is an offense listed in article 42.12, section 3g(a)(1).

Contrary to appellant's assertions, we conclude that Penal Code Section 12.42(b) does not alter the punishment for the *offense* of recklessly causing serious bodily injury to a child. Rather, this statute enhances the punishment for a particular *defendant* if that defendant is convicted of a second-degree felony if that defendant once before had been convicted of a felony. *See id.* Because section 12.42(b) enhances the punishment for a particular class of offenders, regardless of the second-degree felony committed, section 12.42(b) does not alter the punishment for the offense of recklessly causing serious bodily injury to a child for the purposes of the generic list of offenses contained in article 42.12, section 3g(a)(1). Because the offense of recklessly causing serious bodily injury to a child is not punishable as a first-degree felony, the offense for which the jury found appellant guilty is not an offense listed in article 42.12, section 3g(a)(1). *See* Tex. Code of Crim. Proc. Ann. art. 42.12(a), §3g(a)(1); Tex. Penal Code Ann. § 22.04(a)(1). Therefore, the trial court properly instructed the jury under article 37.07, section 4(b). *See* Tex. Code of Crim. Proc. Ann. art. 37.07, § 4(a),(b). Accordingly, we overrule appellant's third issue.

### III.   CONCLUSION

The trial court did not err in failing to instruct the jury on the lesser-included offense of causing serious bodily injury to a child by criminal negligence because no evidence supported a finding that appellant had a negligent mental state. The

trial court properly instructed the jury regarding parole. Finally, appellant did not preserve error regarding his objection under the Confrontation Clause.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Publish — TEX. R. APP. P. 47.2(b).