Earnest Demone HEBERT, Appellant

v.

The STATE of Texas, Appellee

NO. 14–13–00370–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed February 11, 2016.

Rehearing Overruled March 8, 2016

Tom Zakes, Houston, TX, for Appellant.

Abbie Miles, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

## OPINION

Kem Thompson Frost, Chief Justice

Appellant challenges his conviction for possession of a controlled substance. He asserts his conviction is not supported by sufficient evidence and claims the trial court erred in denying his motion for mistrial and in admitting irrelevant evidence. Appellant also asserts he received ineffective assistance of counsel and that his conviction and sentence violate his rights under the Texas Constitution. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Officer Stephen Frank was patrolling when he saw appellant speeding. Officer Frank pulled his vehicle behind appellant's to initiate a traffic stop. While in his car driving behind appellant, Officer Frank smelled phencyclidine ("PCP"). The odor seemed to be coming from appellant's car. Still in pursuit, Officer Frank watched as a hand came out of the driver's side window. He saw a small white object fall from the driver's hand. Officer Frank made a mental note of where the object fell and then called for backup. After initiating a traffic stop, Officer Frank placed appellant in the patrol car and walked back to the place where he mentally marked the object fall. In that location, Officer Frank found a cigarette butt. He testified he knew the cigarette butt belonged to appellant because it smelled strongly of PCP.

Officer Karen Taylor came to Officer Frank's assistance. Officer Taylor pulled behind appellant and had a clear view of the passenger side of appellant's car. She saw the passenger toss a bottle into the grass and was able to see liquid poured out onto the curb. Officer Taylor testified that she approached appellant's vehicle to transport the passenger to jail. According to Officer Taylor, throughout the interaction, there was a strong odor of PCP. Officer Taylor also testified that both appellant and the passenger were sweating, which is indicative of PCP use.

Appellant was charged with possession of a controlled substance, PCP, weighing less than one gram. The indictment included two enhancement paragraphs. Appellant pleaded, "not guilty," but pleaded "true" to the enhancement paragraphs. At trial, the State presented the testimony of Officer Frank, Officer Taylor, and a

criminalist from the City of Houston Police Department Crime Laboratory. The criminalist testified that the cigarette butt Officer Frank recovered contained trace amounts of PCP residue.

The jury found appellant guilty as charged. The trial court sentenced him to five years' confinement. Appellant now challenges his conviction, raising five issues on appeal.

## II. Issues and Analysis

### A. *Sufficiency of the Evidence*

In his first issue, appellant challenges the sufficiency of the evidence showing he possessed the PCP long enough to exercise control over it. In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

■ Texas Health and Safety Code Section 481.115(a) provides: "Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." Tex. Health & Safety Code Ann. § 481.115(a), (d) (West, Westlaw through 2015 R.S.). PCP is a controlled substance listed in Penalty Group 1. Tex. Health & Safety Code Ann. § 481.102(8) (West, Westlaw through 2015 R.S.). Under the Penal Code, "possession" is "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West, Westlaw through 2015 R.S.). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the substance, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App.2005). Possession may be proven through direct or circumstantial evidence, although the evidence must establish that the person's connection with the substance was more than fortuitous. *Id.* at 405–06.

■ When the accused was not in exclusive possession of the place where the contraband was found, the State must show additional affirmative links between the accused and the contraband. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Id.* Affirmative links are established by the totality of the circumstances. *See Hyett v. State*, 58 S.W.3d

826, 830 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd). Courts have identified the following factors that may help to show an accused's affirmative links to a controlled substance:

- the accused's presence when a search is conducted;
- whether the contraband was in plain view;
- the accused's proximity to and the accessibility of the narcotic;
- whether the accused was under the influence of narcotics when arrested;
- whether the accused possessed other contraband or narcotics when arrested;
- whether the accused made incriminating statements when arrested;
- whether the accused attempted to flee;
- whether the accused made furtive gestures;
- whether there was an odor of contraband;
- whether other contraband or drug paraphernalia were present;
- whether the accused owned or had the right to possess the place where the narcotics were found;
- whether the place where the narcotics were found was enclosed;
- whether the accused was found with a large amount of cash; and
- whether the conduct of the accused indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex.Crim.App.2006). The number of factors present is not as important as the logical force the factors create to prove the accused knowingly possessed the controlled substance. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd).

■ The record reveals that both appellant and a passenger were located in an area that reeked of PCP. But, appellant was in exclusive possession of a cigarette butt containing traces of PCP, and he relinquished control of the cigarette butt as soon as the police officer initiated a traffic stop of the vehicle appellant was driving. Appellant smelled of PCP. And, appellant was sweating, a symptom associated with PCP use.

Viewing the evidence in the light most favorable to the verdict, we conclude that a trier of fact reasonably could have determined beyond a reasonable doubt that the PCP was within appellant's actual custody, control, care, or management and that appellant knew the PCP was contraband. Accordingly, the evidence is sufficient to support the conviction. *See Noah v. State*, 495 S.W.2d 260, 263–64 (Tex.Crim.App. 1973); *Gomez v. State*, 365 S.W.2d 165, 166–67 (Tex.Crim.App.1963); *Harris v. State*, 173 S.W.3d 575, 580 (Tex.App.— Fort Worth 2005, no pet.). We overrule appellant's first issue.

*B. Motion for Mistrial*

In his second issue, appellant asserts the trial court erred in denying his motion for mistrial after inadmissible evidence was presented to the jury. In the middle of Officer Frank's testimony, the prosecutor handed him Exhibit 15 and he identified it as an envelope from the Houston Police Department narcotics intake desk. Officer Frank testified that he had filled out the envelopes on the night of the incident. Officer Frank opened Exhibit 15 and testified that it contained a mouthwash bottle and a small bag of marijuana. Appellant objected to the evidence on the grounds that he had not received notice, the evidence had not been tested, and there was no evidence that the bag was related to appellant or the charges against appellant. Appellant moved for a mistrial. The trial

court sustained appellant's objection, but denied appellant's motion for mistrial. The trial court promptly instructed the jury to disregard Officer Frank's statement and evidence of anything found in the automobile. The trial court also told the jury that it could not consider it for any purpose.

We review a trial court's denial of a motion for mistrial under the abuse-of-discretion standard. *See Ocon v. State,* 284 S.W.3d 880, 884 (Tex.Crim.App.2009). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Id.* A mistrial is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored and found to be inadequate. *See id.* In determining whether a prejudicial event was so harmful as to warrant reversal of the judgment on appeal, we consider the prejudicial effect, any curative measures taken, and the certainty of conviction absent the prejudicial event. *See Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App.2004). Generally, a prompt instruction to disregard by the trial court will cure error associated with improper testimony referring to or implying extraneous offenses, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Kemp v. State,* 846 S.W.2d 289, 308 (Tex.Crim.App.1992). Because curative instructions are presumed effective to withdraw from jury consideration almost any evidence or argument that is objectionable, trial conditions must be extreme before a mistrial is warranted. *See Herrero v. State,* 124 S.W.3d 827, 836 (Tex.App.—Houston [14th Dist.] 2003, no pet.). For reasons explained below, on this record, we find no abuse of discretion in the trial court's denial of appellant's request for a mistrial.

The introduction at trial of the bag whose contents the officer described as marijuana likely had a prejudicial effect. The officer's testimony suggested the bag was recovered from appellant's vehicle. Though appellant was not charged with marijuana possession, the evidence nonetheless had the potential to influence the jury as it considered whether appellant was guilty of possessing PCP. The prejudicial effect, however, is mitigated by the brevity of the incident and inconclusive nature of the matters in issue. *See Mayreis v. State,* 462 S.W.3d 569, 576 (Tex.App.—Houston [14th Dist.] 2015, pet. ref'd) (brevity of officer's testimony supported trial court's denial of motion for mistrial). The record reveals that the jury already had evidence that there were two occupants in the car and that the police arrested both appellant and the passenger. The officer did not provide any information about the bag containing the substance other than that it was recovered at the scene. *See Mitchell v. State,* 191 S.W.3d 219, 223 (Tex.App.— San Antonio 2005, pet. ref'd) (trial court within discretion in denying motion for mistrial after officers gave brief descriptions of defendant's inadmissible prior arrests in punishment phase). The officer did not state that the substance was found on appellant. Appellant objected to the evidence immediately, and the trial court sustained the objection immediately—before the State could even solicit an explanation of how the evidence related to appellant or why it was relevant to appellant's charge.

The trial court's swift response in issuing a prompt, stern instruction to the jury to disregard weighs against finding the circumstances so extreme as to warrant a

mistrial. *See Ludwig v. State,* 428 S.W.3d 344, 350–51 (Tex.App.—Amarillo 2014, no pet.) (holding that instruction to disregard cured prejudice when trial court immediately halted trial and issued thorough instruction to disregard). No one mentioned the matter again. Under the circumstances presented, we conclude that the prejudice associated with the evidence was cured by the trial court's instruction to disregard. *See Kemp,* 846 S.W.2d at 308; *Martinez v. State,* 844 S.W.3d 279, 284 (Tex.App.—San Antonio 2007, pet ref'd). The charge required the jury to determine whether there was evidence that appellant possessed PCP. Officer Frank and Officer Taylor both testified regarding the strong odor of PCP. Officer Frank testified that he retrieved a cigarette butt containing traces of PCP residue. Officer Taylor testified appellant was sweating, which suggested he was under the influence of the drug. Given the testimony of these two witnesses, the physical evidence of the cigarette butt containing PCP residue, the immediate action of the trial court in issuing a stern instruction to disregard, and the brief and ambiguous nature of the matters in question, we conclude the trial court did not abuse its discretion in denying appellant's motion for mistrial. *See Hawkins,* 135 S.W.3d at 77 (Tex.Crim.App. 2004); *Mayreis,* 462 S.W.3d at 576; *Mitchell,* 191 S.W.3d at 223; *Ludwig,* 428 S.W.3d at 350–51. Therefore, we overrule appellant's second issue.

## C. Relevance of Passenger's Acts

 In his third issue, appellant contends the trial court erred in admitting evidence at trial that a passenger in appellant's car threw a mouthwash bottle containing PCP out of the car. In the trial court, appellant objected to this evidence on the grounds that "it was never stated that it had anything to do with [appellant]" and that appellant was not charged with possessing the mouthwash bottle. On appeal, appellant asserts that he "was entitled to be tried for his conduct, not that of another. To prosecute him for the actions of [the passenger] without showing they acted in concert, any more than both being present in the same vehicle, would stand the criminal justice system on its head." Appellant argues "it would be just as irrelevant for the State to introduce evidence about [the passenger's] actions as it would have been for [a]ppellant to introduce evidence that [the passenger's] case had been dismissed." Construing appellant's briefing liberally, we conclude appellant is arguing that the trial court erred in admitting evidence of the mouthwash bottle because the evidence is irrelevant.[1] We presume for the sake of argument that appellant preserved error.

Evidence is relevant if it tends to make the existence of any consequential fact more or less probable than it is without the evidence. Tex.R. Evid. 401; *Moralez v. State,* 450 S.W.3d 553, 569 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd). The record reveals that after Officer Frank initiated a traffic stop, appellant dropped a cigarette butt that contained PCP out the window. The evidence that the passenger discarded a bottle containing PCP made it more probable that appellant possessed PCP. *See Malone v. State,* 849 S.W.2d 414,

---

1. Appellant did not state in the trial or on appeal that the evidence caused him to suffer unfair prejudice, nor did appellant cite any cases suggesting that admitting the evidence would cause him to suffer unfair prejudice. We conclude appellant is not asserting a complaint under Texas Rule of Evidence 403. To the extent appellant intended to voice such a complaint, appellant did not preserve error in the trial court. *See Blanken v. State,* 443 S.W.3d 383, 388 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd) (holding that error preservation requires timely specific objection).

418 (Tex.App.—Beaumont 1993, no pet.). The evidence suggests appellant and the passenger, who drove a significant distance before stopping, knew they were in possession of contraband and sought to remove the contraband from the vehicle. Accordingly, the trial court did not err in allowing the evidence of the passenger's action to be admitted at trial. *See* Tex.R. Evid. 401; *Moralez,* 450 S.W.3d at 569; *Malone,* 849 S.W.2d at 418.

### D. Ineffective–Assistance–of–Counsel Claim

In his fourth issue, appellant asserts that he was denied effective assistance of counsel. In particular, he contends that counsel was ineffective because during voir dire, counsel did not request an additional peremptory strike to compensate for the State's allegedly improper, but successful, challenge for cause of a venire person convicted of assaulting a family member. Additionally, appellant asserts counsel was ineffective in failing to object to a charge that referred to appellant's lack of testimony at trial as a "failure to testify."

To prevail on an ineffective-assistance claim, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). To overcome

this presumption, the ineffective assistance must be firmly demonstrated in the record. *Thompson,* 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because generally the record is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim. App.2003); *Thompson,* 9 S.W.3d at 813–14.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex.Crim.App.2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim.App.2011). Appellant did not allege ineffective assistance of counsel in a motion for new trial, and the record contains no explanation for counsel's conduct during trial. Thus, reversal on this point is an option only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed,* 187 S.W.3d at 392. An appellant may not base an ineffective-assistance claim on caselaw that is unsettled at the time of counsel's actions. *Vaughn v. State,* 931 S.W.2d 564, 567 (Tex.Crim.App.1996).

### 1. Voir Dire

Appellant contends that counsel was ineffective in failing to object to the State's challenge for cause of a venire person who had been convicted of assaulting his wife and sentenced to ten days in

jail. Appellant asserts that if appellant's trial counsel had objected to the State's challenge for cause, appellant would have received an additional peremptory strike. The record contains no explanation for the conduct. Decisions relating to challenging prospective jurors for cause or striking prospective jurors are strategic and tactical. *See Jackson v. State*, 877 S.W.2d 768 (Tex.Crim.App.1994); *Delrio v. State*, 840 S.W.2d 443 (Tex.Crim.App.1992) (per curiam); *State v. Morales*, 253 S.W.3d 686, 698 (Tex.Crim.App.2008). Similarly, trial counsel's failure to object to a challenge for cause may be a strategic and tactical decision. *Cf. Jackson*, 877 S.W.2d at 768; *Delrio*, 840 S.W.2d at 443; *Morales*, 253 S.W.3d at 698. In the face of a silent record, appellant has not overcome the presumption that trial counsel's actions were supported by reasonable professional judgment. *Goodspeed*, 187 S.W.3d at 392. Therefore, counsel's voir-dire decision provides no basis for relief.

### 2. Jury Charge

 Appellant contends that trial counsel was ineffective for failing to object to a jury charge that referred to appellant's "failure to testify" as opposed to referring to the absence of appellant's testimony as "an election to testify." The trial court's charge to the jury contained the following instruction:

> A defendant in a criminal case is not bound by law to testify in his own behalf therein and the failure of any defendant to so testify shall not be taken as a circumstance against him nor shall the same be alluded to nor commented upon by the jury, and you must not refer to mention, comment upon or discuss the failure of the defendant to testify in this case. If any juror starts to mention the defendant's failure to testify in this case then it is the duty of the other jurors to stop him at once.

Appellant argues that the wording of the charge gave a "negative connotation," which violated appellant's Fifth Amendment right not to give testimony against himself. To argue successfully that his trial counsel's failure to object to the charge amounted to ineffective assistance, appellant must show that the trial court would have committed error in overruling such an objection. *Vaughn*, 931 S.W.2d at 567.

Article 38.08 of the Texas Code of Criminal Procedure, entitled "Defendant may testify," provides:

> Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

The description of a defendant's election not to testify as a "failure" is used in article 38.08. *See* Tex.Code Crim. Proc. Ann. art. 38.08 (West, Westlaw through 2015 R.S.). Our sister court in Houston has approved of this charge language. *See Linder v. State*, 828 S.W.2d 290, 301 (Tex. App.—Houston [1st Dist.] 1992, no pet.). No Texas court has held that charging the jury using the language in article 38.08 violates a defendant's Fifth Amendment right. Furthermore, appellant has not cited, and research has not revealed any case in which an appellate court held that the trial court erred in charging the jury according to the statute. Appellant may not base his ineffective-assistance claim on unsettled caselaw. *Vaughn*, 931 S.W.2d at 567.

Appellant has not shown that if his trial counsel objected to the charge, the trial court would have erred in overruling the objection. *See id.* Accordingly, appellant has failed to show that his trial counsel rendered ineffective assistance by failing to object to the jury charge. *See id.*

Having found appellant did not prove his trial counsel provided ineffective assistance in failing to object to the State's challenge for cause of a juror or in failing to object to the trial court's charge regarding appellant's election not to testify, we overrule appellant's fourth issue.

*E. Texas Constitution*

In his fifth issue, appellant asserts that his prosecution and imprisonment for "a tiny amount of a controlled substance" denies him due course of law under article I, section 19 of the Texas Constitution. Appellant did not raise this complaint in the trial court. To present a complaint on appeal, the party asserting it must have made a timely request, objection, or motion in the trial court. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim.App.2004). Preservation-of-error requirements apply to a claims relating to due course of law under the Texas Constitution. *See Pena v. State*, 285 S.W.3d 459, 464–65 (Tex.Crim.App.2009). Because appellant did not raise this complaint in the trial court, he has not preserved error for purposes of appeal. Therefore, we overrule appellant's fifth issue.

## III. Conclusion

The evidence is sufficient to support appellant's conviction. The trial court did not abuse its discretion in denying appellant's motion for mistrial or in overruling an objection to the relevancy of evidence of the passenger's acts. Appellant has not proved he received ineffective assistance of counsel. And, appellant did not preserve his constitutional complaint for appellate review. Having overruled all of appellant's issues, we affirm the trial court's judgment.