# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00292-CR

**John Michael Poncio, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-19-4076-A, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Michael Poncio challenges his conviction for third-degree felony offense assault—family violence by repeat offender. Tex. Penal Code § 22.01. After finding him guilty, the jury assessed punishment at eight years' imprisonment. *Id.* § 12.34. In Poncio's first issue on appeal, he contends that his trial counsel was ineffective. In his second issue, he contends that the jury charge's application paragraph on the defense of consent contained reversible error. Based on the reasons stated below, we affirm the trial court's judgment.

## BACKGROUND[1]

Poncio's then-girlfriend Natalie Garza testified that she and Poncio started arguing while riding in the backseat of Poncio's sister's car. The sister's boyfriend was driving, and the sister was in the passenger seat. After Poncio motioned like he would hit her, Garza said

---

[1] We limit our discussion of the facts to those necessary for the resolution of the presented issues.

"hit me. I dare you." Garza testified that Poncio then hit her. Garza explained that she did not think that he would hit her and that her words were not intended to give her consent to him hitting her hard enough to break her nose. She testified that she knew her nose was broken because she felt "what felt like hot water just pouring down into [her] shirt." She testified that there was a smell and taste of metal in her mouth. The driver of the car returned Garza to where they had picked her up so that she could get a ride home from a friend. Garza's friend drove her to the friend's grandmother's house where they helped her clean up. The next day, her friend took her home. After speaking with her mother, Garza called 911 and reported what had happened. She was treated by EMS and then went to the hospital. The nurse practitioner that treated Garza at the hospital testified that Garza's nose was broken.

After hearing all the evidence, the jury found Poncio guilty of assault—family violence as a repeat offender and assessed punishment as eight years' imprisonment.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first issue, Poncio contends that his trial counsel was ineffective for failing to strike venireperson two[2] for cause.

*Standard of Review*

To prevail on his claim of ineffective assistance of counsel, Poncio must prove by a preponderance of the evidence that: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999). The review of a trial

---

[2] We refer to the relevant venireperson and juror by his assigned venire panel number.

2

counsel's representation on an ineffective-assistance challenge is highly deferential to counsel's professional judgment. *Strickland*, 466 U.S. at 689.

To meet the first prong of the *Strickland* test, Poncio must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* "[A]ny allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Generally, a reviewing court will not speculate about counsel's trial strategy. *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998, no pet.). When there is an absence of evidence in the record of counsel's reasons for the challenged conduct, we "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). "A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. Generally, "[a] proper record is best developed in a habeas corpus proceeding or in a motion for new trial hearing." *Salazar v. State*, No. 14-06-00877-CR, 2008 WL 361527, at *2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2008, no pet.) (mem. op., not designated for publication).

*Discussion*

While defense counsel was conducting voir dire, he asked if there was "anybody in this side of the room that we haven't talked to you already who feels that I need to prove my client innocent? Mr.?" Venireperson two stated his last name. Defense counsel then replied, "oh, okay." There was no follow-up question of the venireperson on this topic. The

3

venireperson was not struck for cause or by preemptory strike by either side. Rather, he was empaneled and served on the jury.

On appeal, Poncio contends that this exchange establishes that venireperson two should have been struck for cause based on an inability to follow the law and that trial counsel's failure to move to strike him constitutes ineffective assistance.

However, it is not clear from the record that venireperson two was communicating that he could not apply the presumption of innocence. *See Thompson*, 9 S.W.3d at 813 ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."). Throughout the defense's voir dire, trial counsel was engaging with venirepersons that were not answering the question in the affirmative and instead were expressing the opposite or were not actually responding at all and either were called on at random or due to a miscommunication of non-verbal signals. We cannot tell from the record why trial counsel asked venireperson two for his name, or if there was some type of off the record communication by the venireperson, like a headshake or hand gesture, that communicated something to counsel other than an inability to apply the law. Any assumption of bias is not supported by the record, and therefore, Poncio has failed to meet his burden. *See McCain v. State* 995 S.W.2d 229, 245 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (determining that appellant failed to meet *Strickland* standard where record did not establish that venireperson "should have been struck for cause").

Further, even if venireperson two was subject to a challenge-for-cause, Poncio has not overcome the presumption that counsel's actions were an exercise of reasonable professional judgment because the record is silent on counsel's reasons for not moving to strike venireperson two for cause. *See Strickland*, 466 U.S. at 689. Poncio contends that trial counsel could not

4

have had a reasonable trial strategy because there is no reasonable trial strategy for not striking a biased juror and that all the other jurors who said they would require the defendant to prove his own innocence were struck for cause.

Even in circumstances in which the record did establish some type of bias, a defense counsel's decision to not move to strike a juror for bias, even when the juror directly states they are unable to be impartial, does not automatically amount to ineffective assistance. *Delrio v. State*, 840 S.W.2d 443, 445–47 (Tex. Crim. App. 1992) (noting that counsel's "[w]aiver of his client's right to insist that every juror in the case be in all things fair and impartial may in counsel's best professional judgment have been an acceptable gamble"); *see also Hebert v. State*, 489 S.W.3d 15, 23 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (noting that "[d]ecisions relating to challenging prospective jurors for cause or striking prospective jurors are strategic and tactical").[3]

Poncio contends that trial counsel not asking venireperson two follow up questions to confirm his ability to apply the presumption of innocence demonstrates a lack of strategic decision making and further demonstrates counsel's deficient performance. However, the Court of Criminal Appeals has previously considered and rejected this contention when the record is silent regarding counsel's reason for the conduct. Specifically, the Court of Criminal Appeals has held that when a defense attorney did not ask any questions during voir dire the conduct was not so outrageous that no competent attorney would have engaged in it and an

---

[3] Poncio cites *United States v. Martinez-Salazar*, 528 U.S. 304, 314 (2000), in support of his contention "that trial counsel seating a biased juror cannot be a discretionary or strategic decision." However, in *Martinez-Salazar*, the Supreme Court did not review an ineffective assistance of counsel claim but, rather, held that a defendant's choice to exercise a peremptory challenge to remove a juror who should have been excused for cause does not violate due process protections. *Id.* at 317.

inquiry into the reasons for the conduct was necessary. *Goodspeed v. State*, 187 S.W.3d 390, 392–93 (Tex. Crim. App. 2005) ("[W]e cannot conclude that the failure to ask any questions in voir dire constitutes conduct so outrageous that no competent attorney would have engaged in it.")

Here, the record on appeal is limited and does not include any evidence regarding trial counsel's strategy for choosing not to move to strike venireperson two or ask any follow up questions during voir dire. Neither of these actions are so outrageous that no competent attorney would have engaged in them. *See id.* Instead, an inquiry into the reasons explaining trial counsel's conduct would be necessary. *Id.* Appellate courts are not required to speculate on possible trial strategy in order to apply the presumption that counsel's actions were an exercise of reasonable professional judgment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Rather, a reviewing court generally will not speculate about counsel's trial strategy. *Mayhue*, 969 S.W.2d at 511.

Based on the record on direct appeal, we cannot conclude that trial counsel's not moving to strike venireperson two or asking follow-up questions to confirm his ability to follow the law regarding the presumption of innocence was not based on sound strategy. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (emphasizing "that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus" and noting that "[u]nlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus"); *Johnson v. State*, 172 S.W.3d 6, 13 (Tex. App.—Austin 2005, pet. ref'd) (noting that appellate courts "rarely entertain ineffective assistance of counsel claims on direct appeal because of an inadequate record, instead relying on collateral proceedings for such challenges"). We are not

convinced that under the facts of this case that trial counsel's actions are so egregious that no competent attorney would have acted similarly. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"); *Garcia*, 57 S.W.3d at 440 ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court . . . will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.").

We find insufficient basis in the present record to overcome the presumption that counsel exercised reasonable professional judgment. Accordingly, we overrule Poncio's ineffective-assistance claim.

## JURY CHARGE

Poncio contends that the application paragraph in the jury charge regarding the consent defense should have included additional factual detail.

*Standard of Review*

Jury charge error claims are reviewed under a two-pronged test in which the appellate court must determine: (1) whether the charge was erroneous, and (2) if there was an error, whether the error was harmful to the defendant. *Olivas v. State*, 202 S.W.3d 137, 143–44 (Tex. Crim. App. 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on rehearing). A trial court errs if it does not present the jury with "a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. art. 36.14; *see also Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) ("A trial judge is obligated to instruct on

7

the law applicable to the case, for the trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions." (cleaned up)). The application portion of the jury charge, "specifies the factual circumstances under which the jury should convict or acquit . . . ." *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012).

*Discussion*

Here, the application paragraph on the defense of consent instructed:

> If you have found that the state has proved the offense beyond a reasonable doubt, you must next decide whether the state has proved that consent does not apply to the defendant's conduct.
>
> To decide the issue of consent, you must determine whether the state has proved, beyond a reasonable doubt, one of the following:
>
> 1. Both that—
>
> a. Natalie Garza did not effectively consent; and
>
> b. the defendant did not reasonably believe Natalie Garza consented; or
>
> 2. The conduct threatened or inflicted serious bodily injury.
>
> You must all agree the state has proved, beyond a reasonable doubt, either element 1 or 2 listed above. You need not agree on which of these elements the state has proved.

Poncio contends that it is reversible error that Section 1 did not read as follows: "Both that—a. Natalie Garza did not effectively consent *when she told the defendant to hit her*; and b. the defendant did not reasonably believe Natalie Garza consented *when she told the defendant to hit her*." (emphasis added). We disagree.

8

"A jury charge that tracks the language of a particular statute is a proper charge." *Malone v. State*, 405 S.W.3d 917, 927 (Tex. App.—Beaumont 2013, pet. ref'd), as corrected (July 1, 2013) (citing *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996)). Here, the consent application paragraph tracked the language of the consent as defense to assaultive conduct statute, which reads in relevant part: "The victim's effective consent or the actor's reasonable belief that the victim consented to the actor's conduct is a defense to prosecution under Section 22.01 (Assault) . . . if . . . the conduct did not threaten or inflict serious bodily injury . . . ." Tex. Penal Code § 22.06(a).

Further, the application paragraph tracked the Texas Pattern Jury Charge:

If you have found that the state has proved the offense beyond a reasonable doubt, you must next decide whether the state has proved that consent does not apply to the defendant's conduct.

To decide the issue of consent, you must determine whether the state has proved, beyond a reasonable doubt, either—

1. both that—

a. [*name*] did not effectively consent; and

b. the defendant did not reasonably believe [*name*] consented; or

2. The conduct threatened or inflicted serious bodily injury.

You must all agree the state has proved, beyond a reasonable doubt, either element 1 or 2 listed above. You need not agree on which of these elements the state has proved.

*See* State Bar of Texas, *Texas Criminal Pattern Jury Charges: Crimes against Persons & Property* 305 (2020). While "the Texas Pattern Jury Charges are not 'law', they are heavily relied upon by both the bench and bar." *H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199

9

(Tex. App.—San Antonio 1996), *aff'd*, 985 S.W.2d 22 (Tex. 1998); *see also Lerma v. State,* No. 03-18-00578-CR, 2020 WL 1472362, *3 (Tex. App.—Austin March 26, 2020, pet. ref'd) (mem. op., not designated for publication) (same).

Thus, we conclude that the trial court did not err by not sua sponte including the words "when she told the defendant to hit her" in the consent defense application paragraph. Because we have concluded there is no trial court error, we do not address the harm analysis in this case. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We overrule Poncio's final issue on appeal.

## CONCLUSION

Because we overruled both of Poncio's issues on appeal, we affirm the trial court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   September 21, 2023

Do Not Publish