**Affirmed and Opinion filed April 4, 2013.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00112-CR
_____

**RIGOBERTO LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th Criminal District Court
Harris County, Texas
Trial Court Cause No. 1289520**

## OPINION

Appellant Rigoberto Lopez appeals his conviction for indecency with a child by exposure, challenging the trial court's refusal to instruct the jury on the lesser-included offense of indecent exposure.   We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2010, Laura Salazar, her sister, and their six children entered a McDonald's restaurant to eat dinner and enjoy the establishment's play area. At trial, Salazar testified that appellant followed her family into the restaurant and sat at a nearby table. Appellant and Salazar's family both sat next to the play area, and the children played on the playground while Salazar's sister placed the family's food order. After the children returned to eat at the table, Salazar noticed that appellant's penis was exposed and his hands were moving up and down on it; she believed he was masturbating. Salazar's nephew, the complainant in this case, was among the children at the table when Salazar witnessed appellant masturbating.[1] Salazar left the table to find help, and while speaking with the McDonald's manager, saw Harris County Sheriff's Deputy Donald Hess in the restaurant.

After describing the events to Deputy Hess, the pair returned to the play area, but appellant already had left the restaurant. Witnesses indicated appellant's direction of travel, and Deputy Hess began to patrol the area. Deputy Hess located appellant in a nearby Burger King restaurant, where he witnessed appellant with his penis exposed. Deputy Hess apprehended appellant and drove him back to McDonald's, where Salazar identified him as the man she saw masturbating in the play area.

Appellant was arrested and charged by indictment with the offense of indecency with a child by exposure. The indictment alleged that appellant unlawfully, "with the intent to arouse and gratify the sexual desire of the DEFENDANT, expose[d] the Defendant's GENITALS, knowing that [Salazar's

---

[1]  Though the indictment specifically identifies Salazar's nephew as the complainant, the record reflects his presence, at all relevant times, among his five siblings and cousins. Accordingly, and for clarity purposes, this opinion refers to the complainant and the other children collectively.

nephew], a child younger than seventeen years of age was present[,]" a violation of Texas Penal Code section 21.11(a)(2)(A). *See* Tex. Penal Code Ann. § 21.11(a)(2)(A) (West 2011). Additionally, the indictment included enhancement paragraphs detailing appellant's two prior convictions of indecency with a child.

At trial, appellant pleaded "not guilty" to the charged offense and did not put on a defense. At the close of evidence, appellant requested a jury instruction on the lesser-included offense of indecent exposure, arguing that evidence raised a factual question as to the presence of a child. The trial judge denied appellant's request. The jury found appellant guilty, and after consideration of his prior convictions, the judge sentenced him to thirty-five years' confinement.

## ISSUE AND ANALYSIS

In a single issue, appellant asserts the trial court committed reversible error by refusing his request to instruct the jury on the lesser-included offense of indecent exposure because the evidence raised a factual question that would support his acquittal of the greater offense and conviction only of the lesser-included offense.

The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 2006). A two-step analysis is employed to determine whether a lesser-included-offense instruction should be given. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011). In the first step the inquiry is whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Id.* at 68. Indecent exposure is a lesser-included offense of indecency with a child by exposure. *See Ex parte Amador*, 326 S.W.3d 202, 205–07 (Tex. Crim. App. 2010) (affirming precedent established by *Briceno v.*

3

*State*, 580 S.W.2d 842, 843 (Tex. Crim. App. 1979)). We therefore proceed to the second step.

The second step of the lesser-included-offense analysis is to determine if there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed*, 351 S.W.3d at 68. "The evidence adduced at trial should remain an important part of the court's decision whether to charge the jury on lesser-included offenses." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). There must be some evidence in the record "that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Id.* Further, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." *Id.* Though this threshold is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). In other words, we review all of the evidence presented at trial, and the standard may be satisfied if some evidence refutes other evidence establishing the greater offense or if the evidence presented is subject to different interpretations.

For appellant to be entitled to the lesser-included-offense instruction, evidence must exist that would permit the jury rationally to find that, if appellant is guilty, he is guilty only of the lesser-included offense of indecent exposure. *See Hall*, 225 S.W.3d at 536. Appellant argues the jury could have found him guilty of only indecent exposure because evidence raised a question as to whether he "expose[d] . . . [his] genitals, knowing the child is present." *See* Tex. Penal Code Ann. § 21.11(a)(2)(A).

4

Therefore, we review the record for evidence that would refute the children's presence or evidence regarding their presence that is subject to different interpretations. We hold that the second step in the lesser-included-offense analysis was not satisfied because (1) conclusive, uncontroverted evidence established the children's presence and (2) there is no evidence controverting appellant's knowledge of the children's presence.

Salazar and Deputy Hess were the only witnesses at trial. Salazar testified that she and her sister walked together into McDonald's, escorting their six children. She stated she saw appellant outside McDonald's and that he walked into the restaurant behind her family. Salazar took the six children directly to the play area while her sister ordered food at the counter. Appellant also went directly to the play area and sat at a table close to Salazar and her family.

Using photographs, Salazar described the play area as a mesh-enclosed structure within the same room as her family and appellant. She indicated the precise location of both her family's and appellant's tables, describing the distance between her family and appellant as "less than three feet" and "a matter of a few feet."[2] When she saw appellant moving his hands up and down on his exposed penis, the children were at the table. Salazar further testified that the children were

---

[2] On redirect examination, Salazar testified to the following:

[By the prosecutor:]

Q:   When you saw the defendant, how close was [your nephew] to him when he was exposing himself?

A:   Well, he was in front of me from the table. It was a round table. He is in front of me. So, I mean—I don't know how far, but it was not that far.

Q :   Maybe a matter of a few feet?

A:   Correct.

5

directly in front of appellant, and she opined that appellant could see them and there was no question that he knew they were present. Deputy Hess, who located appellant at the nearby Burger King, testified to appellant's condition. He indicated that appellant's penis was still exposed and he thought that appellant was intoxicated. We now consider whether this evidence raises facts supporting the lesser-included-offense instruction.

Appellant argues that "[i]f the children were away in the play area, they were not 'present' within the meaning of the statute." He contends, throughout his brief, that trial evidence indicates all of the children were at the playground, away from his location, "during the short time that [his] penis was exposed." The record evidence shows otherwise. Salazar testified repeatedly that she witnessed appellant masturbating *after* the food arrived and the children were at the table, mere feet from appellant:

[By defense counsel:]

Q: And while they are in the play area playing is when you see Mr. Lopez with his penis in his hand; is that correct?

A: No, because they came over here because they—we had the food already out.

Q: Okay. So, when do you first see Mr. Lopez with his penis in his hands?

A: That's when I turned around to make sure that he was doing that.

Q: No. I'm sorry. When did you first see him with his penis in his hand?

A: At that time.

6

Q:      That's what I was trying to clear up. Sorry. When the food arrived or when the kids were in the play area?

A:      When the food was already there.

Other testimony by Salazar corroborates the location of the children at the time she noticed appellant masturbating:

[By the prosecutor:]

Q:      Now, when you noticed the defendant in the corner masturbating, do you know exactly where [your nephew] and the other children were at that time?

A:      They were in front of us, my daughter was beside me, and [my nephew].

There is no evidence contradicting Salazar's testimony that the children were at the table when she witnessed appellant masturbating; evidence that the children had been several feet away in the playground structure *before* appellant's act does not counter the uncontroverted evidence of their presence at the table, only a few feet away, *during* appellant's act.

Appellant's argument that he lacked knowledge of the children's presence is predicated on his argument that the children were not present.[3]   In his view, that the children never saw him masturbate is evidence that they were not present, "meaning [appellant] could not have known they were present during the brief period of exposure."   This argument fails for several reasons.

_____

[3]   Appellant arguably failed to raise lack of knowledge as a basis for the lesser-included-offense instruction in the trial court.   But, we review his lack-of-knowledge argument because it is predicated on the argument that children were not present, an argument properly raised both at trial and on appeal.

First, as appellant correctly points out, whether the children actually saw him masturbating is not a requirement for his conviction of indecency with a child by exposure.  *See* Tex. Penal Code Ann. § 21.11(a)(2)(A); *Ex parte Amador*, 326 S.W.3d at 207.   Second, appellant's predicated argument fails because its predicate fails—conclusive, uncontroverted evidence established the children's presence.  Finally, even if the predicate survived, the jury was entitled to infer appellant's knowledge of the children's presence from appellant's conduct and the circumstances surrounding his acts.  *See Turner v. State*, 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980); *Kenny v. State*, 292 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).   The evidence of appellant's conduct (following children into a McDonald's and sitting down in the play area a few feet from the children), and circumstances surrounding his conduct (masturbating in a McDonald's play area) support such an inference.  No evidence controverts the jury's inference of appellant's knowledge or is subject to different interpretations.

Uncontroverted evidence that the children were three feet away when appellant masturbated conclusively established the presence of a child.  Further, uncontroverted evidence of appellant's conduct and the circumstances surrounding his conduct established his knowledge that the children were present.   Finally, there is no evidence in the record that would refute other evidence establishing indecency with a child by exposure, nor evidence "subject to different interpretations," *see Sweed*, 351 S.W.3d at 68, and "it is not enough that the jury may disbelieve [Salazar's testimony to the children's presence at the table,]" *see Skinner*, 956 S.W.2d at 543.   Therefore, we overrule appellant's sole issue.

## CONCLUSION

Because we conclude the uncontroverted evidence conclusively established the presence of the children, and appellant's knowledge of their presence, there is no

evidence that would permit a jury rationally to find appellant guilty of only the lesser-included offense of indecent exposure. Accordingly, we affirm the trial court's judgment.

/s/    Kem Thompson Frost
        Justice

Panel consists of Chief Justice Hedges and Justices Frost and Brown.

Publish — Tex. R. App. P. 47.2(b).