

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00207-CR

RANDAL CHAISE HARTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 46,602-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

# O P I N I O N

Following a jury trial, Randal Chaise Harty was convicted of indecency with a child by exposure[1] and was sentenced to twenty years' incarceration.[2]  On appeal, Harty claims that the evidence was insufficient to support the verdict and that the admission of two prior convictions pursuant to Article 38.37 of the Texas Code of Criminal Procedure violated Harty's due process rights as well as Rule 403 of the Texas Rules of Evidence.  Because we find that (1) the evidence was sufficient to support the verdict and (2) the extraneous-offense evidence was properly admitted, we affirm the trial court's judgment.

## I.     Sufficient Evidence Supports Harty's Conviction

On appeal, Harty complains of the legal sufficiency of the evidence on two bases.  First, he complains that the evidence is insufficient to prove exposure.  Second, he complains that the evidence is insufficient to prove that he knew that a child was present.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).  Our rigorous legal sufficiency review focuses on the quality of the evidence presented.  *Brooks*, 323 S.W.3d at 917–

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(2) (West Supp. 2017).

[2]The punishment range for this third-degree-felony offense was enhanced by a prior felony conviction.  *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2017).

18 (Cochran, J., concurring). We examine legal sufficiency under the direction of *Brooks*, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence against the challenged elements of the offense using a hypothetically correct jury charge applicable to the case. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). That hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The indictment alleged that Harty, with the intent to arouse or gratify his sexual desire, exposed his genitals, "knowing that Jane Doe, a child younger than 17 years-of-age, was present." Harty committed the offense of indecency with a child by exposure "if, with a child younger than 17 years of age, whether the child is of the same or opposite sex," he (1) exposed any part of his genitals, (2) knowing the child was present, (3) with the intent to arouse or gratify his sexual desire. TEX. PENAL CODE ANN. § 21.11(a)(2)(A). We review the evidence in light of Harty's complaints.

Karina Rivera was shopping with her two young daughters on November 18, 2016, at the Supermarket Monterrey in Longview. As she and her young daughters exited the market, Rivera saw Harty in a gray, four-door truck with temporary tags. The truck was parked in the supermarket's parking lot, and the driver's side door was open. Rivera could see that Harty was

3

bare from his waist to his legs and that he was massaging his penis with his genitals exposed. Rivera was able to see the full length of Harty's legs and was able to see that his truck seat was leaned slightly back. Rivera testified that she saw Harty's face, body, hand, and legs, including his calves. She could see that Harty's penis was in his hand and that he was masturbating. Harty was looking out of the truck window as these events occurred. Rivera testified that Harty was "looking to someone on the outside because he could have seen [her]."

Meanwhile, a grandmother and her two-year-old granddaughter were waiting in the parking lot for the child's mother to finish shopping in the supermarket. They were in a red sports-utility vehicle (SUV) parked one space over from Harty's truck. When Rivera saw the child in the SUV, she was in the middle seat of the vehicle looking out of the passenger side window, facing Harty's truck. The red SUV was in Harty's line of sight when he was exposing himself and masturbating. Rivera did not know the child's position inside the vehicle at the time she initially saw Harty.

Rivera attempted to record Harty on her cell phone to prove that he "was doing those things." At that moment, however, Harty saw Rivera. He closed the truck door and left the parking lot. Rivera was, however, able to record Harty driving his truck out of the parking lot. Rivera's video recording was played for the jury and revealed that this course of events happened during daylight hours.

After this incident, Rivera spotted Harty's truck again. This time, the truck was parked beside the McDonald's playground located across from the grocery store. Rivera photographed Harty's license plate and reported the incident to the police.

4

Harty initially claims that because the complainant did not see his genitals, the State did not prove that he exposed himself within the meaning of the statute. In support of this position, Harty relies on *Beasley v. State*, 906 S.W.2d 270 (Tex. App.—Beaumont 1995, no pet.). In that case, the complainant testified that she saw Beasley in his car and that "he didn't have clothing on from the upper leg to the waist." *Id*. at 271. The complainant could not see Beasley's penis because "[h]is hand shielded the penis area." *Id*. Consequently, the court determined that Beasley did not commit the offense of indecent exposure because he did not "expose" his penis. *Id*. at 272.

In *Metts v. State*, 22 S.W.3d 544, 547 (Tex. App.—Fort Worth 2000, pet. ref'd), our sister court declined to follow *Beasley*. In *Metts*, the complainant saw Metts standing with his truck door open and his buttocks exposed while engaging in an act of self-gratification. *Id*. at 546. Although there was no evidence that the complainant actually saw his genitals, the court determined that the State only had to prove that Metts' genitals were exposed, not that the complainant perceived them. *Id*. at 547 (citing *Wilson v. State*, 9 S.W.3d 852, 856 (Tex. App.—Austin 2000, no pet.) (upholding conviction for indecency with a child by exposure where victim did not see appellant's genitals)).[3]

More recently, courts have recognized that the offense of indecency with a child by exposure "is based on the defendant's actions and mental state, not the other person's comprehension." *Amador*, 326 S.W.3d 209 (citing *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd) (upholding a conviction for indecency with a child by exposure even though the child did not see the defendant's genitals)); *Breckenridge v. State*, 40 S.W.3d 118, 128

---

[3]Because the exposure element is the same for the offense of indecent exposure and indecency with a child by exposure, cases that interpret "exposure" under either statute support our analysis. *See Ex parte Amador*, 326 S.W.3d 202, 207 (Tex. Crim. App. 2010). Moreover, exposure in a child's presence does not require the child to be aware of the exposure or see the offending body part. *See Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011).

(Tex. App.—San Antonio 2000, pet. ref'd) ("[S]ection 21.11(a) does not require proof that the victim actually saw the accused's genitals."). In spite of this authority, though, Harty claims that his genitals were never exposed, as they were at all times covered by his hand. Based on the foregoing authority, we reject this argument and hold that the evidence is legally sufficient to prove the element of exposure.

Harty next claims that the State failed to prove that he knew a child was present when he exposed his genitals. Harty's knowledge may be inferred from his conduct and the circumstances surrounding his actions. *See Turner v. State*, 600 S.W.2d 927, 929–30 (Tex. Crim. App. [Panel Op.] 1980); *Lopez v. State*, 402 S.W.3d 55, 59 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Uncontroverted evidence that a two-year-old child was in the vehicle one parking space removed from, and to the left of, Harty's truck, conclusively establishes the presence of a child. Rivera testified that although she did not know the location of the child within the vehicle when she witnessed Harty engaging in the act of self-gratification, she saw the child when she approached the red SUV to speak with the child's grandmother after Harty left the parking lot. At that time, the child was looking out of the passenger-side window, but when she heard Rivera approach, the unbuckled child approached the left window—on the driver's side of the vehicle. Rivera further testified that the red SUV was in Harty's line of sight as he exposed himself. After Harty saw Rivera watching him, he left the supermarket parking lot and drove a short distance to a McDonald's parking lot, where he parked next to the play area.

From this testimony, the jury was entitled to infer Harty's knowledge of the presence of the child. *See Turner*, 600 S.W.2d at 930–31 (jury could infer knowledge of child's presence

6

where defendant stopped vehicle and exposed himself after driving past child as she walked); *Lopez*, 402 S.W.3d at 59 (jury entitled to infer defendant's knowledge of children's presence when defendant masturbated in play area a few feet from children); *Wilcox v. State*, 672 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1984, no pet.) (evidence sufficient to show awareness of complainant's presence where defendant exposed himself by gap in fence close to where children were playing); *see also Henderson v. State*, No. 06-12-00132-CR, 2013 WL 1460501, at *3–4 (Tex. App.—Texarkana Apr. 10, 2013, pet. ref'd) (not designated for publication) (jury could infer that defendant knew child was present when he exposed genitals while standing at open apartment door which looked onto area where child was present).[4]

The evidence is sufficient for a reasonable jury to conclude, beyond a reasonable doubt, that Harty was guilty of indecency with a child by exposure.

## II. Evidence of Prior Convictions Was Properly Admitted

In accord with Article 38.37 of the Texas Code of Criminal Procedure, the trial court admitted the following prior convictions: (1) a 2004 judgment of conviction for possession of child pornography and (2) a 2004 judgment of conviction for indecency with a child by exposure. Harty complains that this evidence should not have been admitted because such admission (1) violated his due process rights and (2) violated Rule 403 of the Texas Rules of Evidence.

In certain situations, Article 38.37 of the Code of Criminal Procedure permits the introduction of evidence "in a trial of a defendant for the enumerated sexual crimes against children

---

[4]Although unpublished opinions by the courts of appeals have no precedential value, they may be cited with the notation "(not designated for publication)." TEX. R. APP. P. 47.7. A reviewing court may take guidance from unpublished opinions "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

. . . that the defendant has committed certain offenses against a *nonvictim* of the charged offense."

*Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.).  The statute provides:

> (b)     Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b) (West 2018).

Harty argues that propensity evidence, as was admitted in his trial, does nothing more than show a disposition to commit similar crimes.  This, he claims, is fundamentally unfair and amounts to a violation of his due process rights.  Harty relies on United States' Supreme Court precedent in support of his position.  *See Michelson v. United States*, 335 U.S. 469, 475–46 (1948) (common-law tradition disallows propensity evidence to prove guilt); *see also Marshall v. Lonberger*, 459 U.S. 422, 449 n.1 (1983) (Stevens, J., dissenting) ("The common law has long deemed it unfair to argue that, because a person has committed a crime in the past, he is more likely to have committed a similar, more recent crime."); *Spencer v. State of Tex.*, 385 U.S. 554, 574 (1967) (Warren, C.J., dissenting) (prior decisions suggest "that evidence of prior crimes introduced for no purpose other [t]han to show criminal disposition would violate the Due Process Clause").

When reviewing the constitutionality of a statute, "we presume the statute is valid and that the Legislature has not acted unreasonably or arbitrarily."  *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)).  "The   burden   rests   upon   the   individual   who   challenges   the   statute   to   establish   its

8

unconstitutionality," and "[i]n the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion." *Id.*

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "The essential guarantee of the due process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures." *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds by Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990).

Our sister court addressed this precise issue in *Belcher*, 474 S.W.3d at 843–44. We have previously adopted its reasoning, recognizing that "'child sex abuse cases present evidentiary problems not resolved by any of the extraneous bad acts exceptions in [Rule] 404' of the Texas Rule of Evidence." *Hill v. State*, No. 06-15-00168-CR, 2016 WL 3382195, at *3 (Tex. App.—Texarkana June 17, 2016, pet. ref'd) (mem. op., not designated for publication) (quoting *Belcher*, 474 S.W.3d at 845). Further,

> As observed by *Belcher*, Article 38.37 is worded differently tha[n] Rule 414(a) of the Federal Rules of Evidence, but the two "have virtually the same effect." *Belcher*, 474 S.W.3d at 846. "Both make admissible evidence of the defendant's other sex crimes against children other than the complainant in order to show his propensity to commit the act of child sexual abuse alleged." *Id.* However, a prior sexual offense against a child must still survive a Rule 403 balancing test. *Id.* at 847; *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd). Notably, *Belcher* found that Section 2(b) does not violate an accused's due-process rights and that the statute is constitutional. *Belcher*, 474 S.W.3d at 847.

> We find our sister court's reasoning persuasive. As *Belcher* pointed out, Federal Rule 414 and Section 2(b) of Article 38.37 are all but indistinguishable in substance and effect, and both anticipate, or at least are constrained by, their respective Rule 403s, which protect the defendant's due-process rights by requiring a balancing of

9

probative value against the danger of unfair prejudice that might otherwise deprive a defendant of a fair trial. "The policy concerns that served to justify the federal decision to admit propensity evidence in child molestation cases are equally applicable to state prosecutions." *Id.*

*Id.* at \*3–4 (footnote omitted). As was true in *Hill*, Harty has failed to provide any authority to undermine the reasoning of *Belcher*. Moreover, the authority on which he relies "does not take into consideration the . . . history and analysis presented in *Belcher*." *Id.* at \*4 (citation omitted). We, therefore, overrule Harty's due process claim.

Harty also contends that notwithstanding the due process issue, the trial court erred in failing to exclude evidence of his prior convictions under Rule 403 because they were too remote and were inherently inflammatory and prejudicial. Harty, therefore, claims that the probative value[5] of the extraneous-offense evidence was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. We recognize that reversal based on the trial court's Rule 403 balancing test is rare and must be based on "a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). "In keeping with the presumption of admissibility of relevant evidence, there is a presumption that relevant evidence is more probative than prejudicial." *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

While there was evidence (1) that the license tag on the truck photographed in the McDonald's parking lot was registered to Harty and (2) that the truck registered to Harty was in

---

[5]"Probative value" is the measure of "how strongly [the evidence] serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "Unfair prejudice" refers to a "tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). "Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence." *Gigliobianco*, 210 S.W.3d at 641.

the supermarket parking lot on the date in question, Rivera was the only person who witnessed the exposure that took place in the parking lot. Rivera testified through an interpreter and frequently had to be asked about the same issue several different times. This testimony was the sole evidence of exposure in the presence of a child. Exclusion of extraneous-offense evidence under Rule 403 is to be the exception where, otherwise, the case boils down to a "he said, she said" situation. *See Bradshaw v. State*, 466 S.W.3d 875, 883–84 (Tex. App.—Texarkana 2015, pet. ref'd).

Further, though certainly prejudicial to Harty, the extraneous-offense evidence was highly probative of Harty's propensity to expose himself and of his view of children as sexually arousing. The statute clearly "recognizes that evidence of this type is, by definition, propensity, or character evidence. It is admissible notwithstanding those characteristics." *Id*. at 883 (citing TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2). Harty claims, however, that in light of the fact that the prior convictions pre-dated the offense in this case by twelve years, the evidence is too remote to be probative.

Remoteness of an extraneous offense is properly considered in determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See Newton v. State*, 301 S.W.3d 315, 318 (Tex. App.—Waco 2009, pet. ref'd). In this case, however, the trial court was aware of the fact that Harty was sentenced to serve a term of ten years' in prison following his 2004 conviction for indecency with a child. The exposure alleged in the current indictment happened in November 2016. We do not believe, under these circumstances, that remoteness of the extraneous offenses rendered the probative value of this evidence so weak as to render this evidence inadmissible under Rule 403.

11

We cannot conclude that the trial court clearly abused its discretion in determining that the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of unfair prejudice.

## III.    Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    June 14, 2018
Date Decided:    June 21, 2018

Publish