

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00032-CR

RANDAY TOLIVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027804

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

A Hopkins County jury found Randay Toliver guilty of continuous sexual abuse of Hailey,[1] a child under fourteen, and assessed his sentence at life imprisonment. *See* TEX. PENAL CODE ANN. § 21.02 (Supp.). On appeal, Toliver argues that the trial court erred by admitting extraneous-offense evidence of Toliver's abuse of Hailey's stepsisters because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Toliver also argues that the continuous sexual assault statute is unconstitutional on its face and as applied to him because, while it required the jury to find that he committed two or more acts of sexual abuse during a period that was thirty or more days in duration, it did not require the jury to be unanimous on which of the seven acts alleged by the State's indictment was committed by him. *See* TEX. PENAL CODE ANN. § 21.02(d).[2]

We conclude that the trial court did not abuse its discretion by overruling Toliver's Rule 403 objection to the extraneous offenses involving Hailey's stepsisters. We also find that Toliver failed to preserve his complaint about the constitutionality of Section 21.02. As a result, we affirm the trial court's judgment.

## I.     The Trial Court Did Not Abuse its Discretion by Overruling Toliver's Rule 403 Complaint to Article 38.37 Evidence

At trial, Hailey testified in detail about the sexual abuse she suffered from Toliver over the course of several years, beginning from the time she was in third grade. Hailey's stepsisters,

---

[1]To protect the identity of the child victim, we will use pseudonyms for her and her family members. *See* TEX. R. APP. P. 9.10.

[2]Although Toliver originally raised a third point of error arguing that the State failed to provide proper notice of its outcry witness, he withdrew this point of error after the clerk filed a supplemental record showing that the State had, in fact, provided proper notice of the outcry witness.

Janice and Joy, also testified about specific instances of sexual abuse committed by Toliver against them. Janice testified that Toliver began abusing her when she was six or seven years old and that the abuse continued for many years. Joy testified about one incident when Toliver sexually assaulted her. Both Janice and Joy testified that the abuse occurred while they were living with Hailey and Toliver.

> As we have stated before,
>
> when a defendant is tried for a sexual offense committed against a child under seventeen years of age, the State may, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, introduce evidence that the defendant has committed a separate sexual offense against another child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant."

*Price v. State*, 594 S.W.3d 674, 679 (Tex. App.—Texarkana 2019, no pet.) (quoting TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1–2). As a result, in cases like Toliver's, Article 38.37 "permits the introduction of evidence 'in a trial of a defendant for the enumerated sexual crimes against children . . . that the defendant has committed certain offenses against a *nonvictim* of the charged offense.'" *Id.* (quoting *Harty v. State*, 552 S.W.3d 928, 933 (Tex. App.—Texarkana 2018, no pet.)). Even so, "the admission of evidence under Article 38.37 'is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice.'" *Id.* at 680 (quoting *Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015, pet. ref'd)). In his first point of error, Toliver argues that the trial court erred when it conducted the Rule 403 balancing test and

3

admitted testimony from Hailey's stepsisters that Toliver had also sexually abused them on several occasions.[3] We disagree.

## A. Standard of Review

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Id.* at 679 (alteration in original) (quoting *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd)). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Id.* (quoting *Bradshaw*, 466 S.W.3d at 878). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (quoting *Bradshaw*, 466 S.W.3d at 878). "In determining whether the trial court abused its discretion, '[w]e may not substitute our own decision for that of the trial court.'" *Id.* (alteration in original) (quoting *Bradshaw*, 466 S.W.3d at 878).

## B. The Rule 403 Balancing Factors

When conducting a Rule 403 balancing test, a court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

---

[3]To the extent that Toliver raises a separate issue that Article 38.37 violates his due process rights, we overrule the argument. Toliver expressly acknowledges this Court's prior holding that the statute does not violate due process. *See Harty v. State*, 552 S.W.3d 928, 934 (Tex. App.—Texarkana 2018, no pet.); *Coleman v. State*, No. 06-16-00002-CR, 2017 WL 382419, at *2 n.3 (Tex. App.—Texarkana Jan. 27, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Hill v. State*, No. 06-15-00168-CR, 2016 WL 3382195, at *3–4 (Tex. App.—Texarkana June 17, 2016, pet. ref'd) (mem. op., not designated for publication)).

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In any given case, "these factors may well blend together in practice." *Id.* at 642.

### C. Analysis

As for the first factor of the balancing test, "[e]vidence of a separate sexual offense against a child admitted under Article 38.37 is probative on the issues of intent and a defendant's character or propensity to commit sexual assaults on children." *Price*, 594 S.W.3d at 680 (citing *Bradshaw*, 466 S.W.3d at 883; TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b)). Here, the evidence established that Hailey and her stepsisters were sexually abused while living with Toliver. As a result, Janice's and Joy's testimony was especially probative of Toliver's propensity to sexually assault children who were living with him. We conclude that this factor weighed strongly in favor of admission.

As to the second factor, the State's need for the evidence was established after Toliver cross-examined Corley Weatherford, the State's first witness and an investigator with the Bowie County Sheriff's Office, about the lack of a sexual assault examination, which could have led to the discovery of physical evidence. Toliver also (1) asked Weatherford about Child Protective Services investigations that were discontinued, (2) established that Weatherford had not read reports on the allegations made by the Texarkana, Arkansas Police Department, and (3) alluded to the fact that the criminal case against Toliver was dismissed in Texarkana, Arkansas. Further, Toliver testified in his own defense, denied Hailey's allegations, and claimed that Janice and Joy's mother had coached them and Hailey to fabricate the allegations.

5

"By adopting Article 38.37, Section 2, the Legislature recognized that in child sex offenses, 'there is typically very little evidence to assist prosecutors with proving their cases.'" *Id.* at 680–81 (quoting *Bradshaw*, 466 S.W.3d at 884 (quoting Senate Comm. on Crim. Just., Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013))). Given the lack of physical evidence and Toliver's testimony that the allegations against him were fabricated, we conclude that the State had a considerable need for the evidence. "Rule 403 'should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or complainant in such ["]he said, she said["] cases [involving sexual assault].'" *Id.* at 681 (quoting *Bradshaw*, 466 S.W.3d at 883–84 (third alteration in original)). Accordingly, the second factor of the Rule 403 balancing test also weighed in favor of admission.

As for the third factor, we recognize that the inherently inflammatory and prejudicial nature of evidence of the extraneous sexual offenses against Janice and Joy "tend[ed] to suggest a verdict on an improper basis." *Id.* Thus, the third factor weighed against admission.

As to the fourth factor, the ultimate issue in this case was whether Toliver had committed continuous sexual abuse against Hailey as alleged in the State's indictment. The trial court mitigated the tendency of the extraneous-offense evidence to confuse or distract the jury from the main issues at trial by (1) properly identifying each element that the State was required to prove by its indictment, (2) ensuring that the focus of the application paragraph was only on the offenses committed against Hailey that were specified by the indictment, and (3) instructing the jury that it was not to consider the extraneous-offense evidence from Janice and Joy "unless [it found], beyond a reasonable doubt, that the defendant did, in fact, commit the offenses" for its

6

bearing on matters relevant to determining whether Toliver committed the acts alleged in the indictment. The trial court further clarified that Toliver was "not on trial for any offenses not alleged in the indictment." Because the jury was redirected to the main issues in the case, we find that the fourth factor of the Rule 403 balancing test weighed in favor of admission.

"The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence." *Id.* (citing *Gigliobianco*, 210 S.W.3d at 641). Here, the extraneous-offense evidence was neither scientific nor technical and pertained to matters that could easily be understood by a jury. *See id.* We find that the fifth factor weighed in favor of admission.

As to the last factor, the direct extraneous-offense testimony comprised approximately forty pages of transcript in a multi-day trial. In addition to Janice's and Joy's testimony, the State presented testimony from Weatherford and the outcry witness. We find that, under the unique circumstances of this case, the presentation of the extraneous-offense evidence did not consume an inordinate amount of time. On this record, we conclude that the last Rule 403 balancing test factor favored admission.

We conclude that the trial court, after balancing the Rule 403 factors, could have reasonably concluded that the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of unfair prejudice and the other factors in the rule. Consequently, we find that the trial court did not abuse its discretion in admitting the extraneous-offense evidence. We overrule Toliver's last point of error.

7

**II.   Toliver Failed to Preserve His Section 21.02 Constitutionality Complaint**

In his second point of error, Toliver complains about the constitutionality of the continuous sexual abuse statute, which states,

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02(d). As a result, Toliver complains that the statute was unconstitutional, both facially and as applied to him, because it did not require the jury to be unanimous about which of the seven acts alleged by the indictment were committed.

However, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.). Likewise, "a facial challenge to a statute that has not previously been held unconstitutional may not be raised for the first time on appeal." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (footnote omitted) (citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)). Our review of the record shows that Toliver made no objection to the trial court about the constitutionality of Section 21.02 and failed to raise any issue about jury unanimity. As a result, we overrule Toliver's second point of error because it is not preserved for our review. *See Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.) (finding that defendant failed to preserve his complaint about the constitutionality of Section 21.02 because he did not raise the issue in the trial court).

8

## III.    Disposition

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:      October 2, 2023
Date Decided:        October 12, 2023

Do Not Publish