

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00072-CR

---

JAMES MICHAEL FELDMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027827

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Hopkins County jury convicted James Michael Feldman of the aggravated sexual assault of S.F.,[1] a child younger than fourteen years of age,[2] and the trial court sentenced him to sixty years' imprisonment. In this appeal, Feldman complains that the trial court erred in admitting extraneous-offense evidence under Article 38.37 of the Texas Code of Criminal Procedure[3] because (1) it violated his right to due process and a fair trial under the Fourteenth Amendment and (2) the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Because (1) the admission of the evidence under Article 38.37 did not violate Feldman's right to due process and a fair trial and (2) the evidence was admissible under Rule 403 of the Texas Rules of Evidence, we will affirm the trial court's judgment.

## I.    Background

In February 2019, S.F. made an outcry of sexual abuse by Feldman to an investigator for the Child Protection and Permanency Division of the New Jersey Department of Children and Families.[4] Consistent with her outcry, S.F. testified that, when she was nine years of age, she visited Feldman in Sulphur Springs, Texas, for several weeks during the summer. She testified that, one night, Feldman called her into his bedroom, where he lay on his bed unclothed. He told

---

[1]We refer to any person who was a minor at the time an offense was committed by their initials. *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B).

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (Supp.).

[4]S.F. resided in New Jersey.

her to take off her pants and to get on top of him, and he caused her sexual organ to contact his sexual organ.[5]

During the guilt/innocence phase of the trial, the State introduced the testimony of A.F., S.F.'s half-sister. A.F. testified about several instances of sexual contact of her by Feldman that occurred while she resided with him and his family. Those included an instance in which he made her give him oral sex, two instances when Feldman contacted her sexual organ with his finger, and an instance when Feldman fondled and sucked her breasts.

## II.     No Abuse of Discretion in the Admission of the Extraneous-Offense Evidence

### A.     Standard of Review

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Price v. State*, 594 S.W.3d 674, 679 (Tex. App.—Texarkana 2019, no pet.) (alteration in original) (quoting *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd)). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Id.* (quoting *Bradshaw*, 466 S.W.3d at 878). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (quoting *Bradshaw*, 466 S.W.3d at 878). "In determining whether the trial court abused its discretion, '[w]e may not substitute our own decision for that of the trial court.'" *Id.* (alteration in original) (quoting *Bradshaw*, 466 S.W.3d at 878).

---

[5]S.F. also told the outcry witness that there had been penetration of her sexual organ.

In the trial of certain offenses against children, Article 38.37 "permits the introduction of evidence . . . 'that the defendant has committed certain offenses against a *nonvictim* of the charged offense.'" *Harty v. State*, 552 S.W.3d 928, 933 (Tex. App.—Texarkana 2018, no pet.) (quoting *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.)). Article 38.37 provides,

> (b)     Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).

### B.     The Trial Court Did Not Violate Feldman's Due Process Rights

In his first issue, Feldman complains that his rights to due process and a fair trial were violated by the admission of the evidence of extraneous offenses against A.F. Feldman argues that, because the extraneous offenses occurred more than fifteen years before trial[6] and had been reported but not prosecuted, it was a violation of due process to admit the evidence.

Initially, we note that nothing in Article 38.37 bars the introduction of non-adjudicated offenses and that the statute does not place a limitation on how far in the past the offenses may have occurred. In addition, as Feldman concedes, Texas courts, including this one, have previously held that Article 38.37 does not violate due process. *See Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *Hill v. State*, No. 06-15-00168-CR, 2016 WL

---

[6]Although the trial occurred in 2023, S.F.'s outcry was in 2019, and the offense against her occurred in 2016.

3382195, at *4 (Tex. App.—Texarkana June 17, 2016, pet. ref'd) (mem. op., not designated for publication).

This same issue was addressed by the Tyler Court of Appeals in *Belcher* and by this Court in *Hill* and again in *Harty*. In *Hill*, we reviewed the reasoning in *Belcher*, which concluded that "Section 2(b) [of Article 38.37] does not violate an accused's due-process rights and that the statute is constitutional." *Hill*, 2016 WL 3382195, at *3 (citing *Belcher*, 474 S.W.3d at 847). We found the Tyler court's reasoning persuasive because, as noted by that court, Article 38.37 is constrained by Rule 403 of the Texas Rules of Evidence, "which protect[s] the defendant's due-process rights by requiring a balancing of probative value against the danger of unfair prejudice that might otherwise deprive a defendant of a fair trial." *Id.* at *4.

In *Harty*, we reaffirmed our holding in *Hill*. *Harty*, 552 S.W.3d at 933–34. In that case, the appellant relied on the same authority as Feldman relies on in this case.[7] As in that case, Feldman "has failed to provide any authority to undermine the reasoning of *Belcher*. Moreover, the authority on which he relies 'does not take into consideration the . . . history and analysis presented in *Belcher*.'" *Id.* at 934 (quoting *Hill*, 2016 WL 3382195, at *4). Further, none of the

---

[7]As noted in *Harty*:

> Harty relies on United States' [sic] Supreme Court precedent in support of his position. *See Michelson v. United States*, 335 U.S. 469, 475–46, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (common-law tradition disallows propensity evidence to prove guilt); *see also Marshall v. Lonberger*, 459 U.S. 422, 449 n.1, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) (Stevens, J., dissenting) ("The common law has long deemed it unfair to argue that, because a person has committed a crime in the past, he is more likely to have committed a similar, more recent crime."); *Spencer v.* [*Texas*], 385 U.S. 554, 574, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (Warren, C.J., dissenting) (prior decisions suggest "that evidence of prior crimes introduced for no purpose other [t]han to show criminal disposition would violate the Due Process Clause").

*Harty*, 552 S.W.3d at 933–34 (last alteration in original).

5

cases cited by Feldman hold that the introduction of extraneous-offense evidence violates the defendant's rights to due process and a fair trial. Following our prior decisions, we find that the admission of the extraneous-offense evidence under Article 38.37 did not violate Feldman's right to due process. We overrule this issue.

### C. The Trial Court Did Not Abuse Its Discretion Under Rule 403

Feldman also complains that the trial court abused its discretion in admitting the extraneous-offense evidence in violation of Rule 403. He argues that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

Article 38.37 allows evidence of extraneous offenses "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Nevertheless, "[t]his broad allowance for admission is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd) (citing TEX. R. EVID. 403).

> Under the Rule 403 balancing test, we
>
> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

6

*Price*, 594 S.W.3d at 680 (quoting *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)). "In any given case, 'these factors may well blend together in practice.'" *Id.* (quoting *Gigliobianco*, 210 S.W.3d at 642).

Feldman does not address the probative value of A.F.'s testimony or the State's need for that evidence. However, "[e]vidence of a separate sexual offense against a child admitted under Article 38.37 is probative on the issues of intent and a defendant's character or propensity to commit sexual assaults on children." *Price*, 594 S.W.3d at 680 (citing *Bradshaw*, 466 S.W.3d at 883; TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b)). In this case, the evidence shows that S.F. was sexually assaulted by Feldman when she was nine years old and while she was staying in his household. For that reason, the testimony of A.F., who testified of assaults that occurred when she was between seven and twelve years old, was particularly probative of Feldman's propensity to sexually assault young girls who were residing with him. We find that the first factor weighed strongly in favor of admission.

We also find that the State's need for the evidence weighed in favor of admission. During voir dire, Feldman asked the veniremembers how many thought that there could be false allegations of sexual abuse. He then prompted the veniremembers to give reasons why someone would make a false allegation. In cross-examination of S.F.'s mother, Feldman elicited testimony that, when she returned from Texas after the assault, S.F. continued her school activities and did well in school and that her mother had no suspicions that S.F. had suffered trauma. In examining S.F., Feldman sought to establish that she was motivated to make the allegations because Feldman did not want her to have a boyfriend. Further, in his direct

7

testimony, Feldman claimed that he moved back to New Jersey after the summer of the assault because S.F. "begged" him to move back. He maintained that S.F. continued her relationship with him after he moved back to New Jersey. He also testified that S.F. stopped communicating with him only after he lost his temper over her boyfriend a few months before her outcry. Feldman denied sexually assaulting S.F. and maintained that her accusation was a lie.

As we have previously noted, "By adopting Article 38.37, Section 2, the Legislature recognized that in child sex offenses, 'there is typically very little evidence to assist prosecutors with proving their cases.'" *Id.* at 680–81 (quoting *Bradshaw*, 466 S.W.3d at 884). Because of the lack of physical evidence and Feldman's testimony and cross-examination of other witnesses in which he sought to establish that S.F. made a false allegation, we find that the State had a significant need for A.F.'s testimony. In sexual-assault trials, Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009) (citing *Lopez v. State*, 18 S.W.3d 220, 227 (Tex. Crim. App. 2000) (Keller, J., concurring)). Consequently, the second factor also weighed in favor of admission.

Because evidence of Feldman's extraneous sexual offenses against A.F. was inherently inflammatory and prejudicial, it "tend[ed] to suggest a verdict on an improper basis." *Price*, 594 S.W.3d at 681 (citing *Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd) (op. on remand)). We find that this factor weighed against admission.

Feldman argues that, because A.F. testified before S.F., her testimony had a tendency to confuse or distract the jury from the main issues. However, the trial court mitigated any such tendency in its charge to the jury. In its charge, the trial court (1) identified each element the State was required to prove by its indictment, (2) instructed the jury that it could only find Feldman guilty if it found the allegations concerning the offense against S.F. were true beyond a reasonable doubt, (3) instructed the jury that it was not to consider the evidence of offenses against A.F. unless it found that Feldman committed them beyond a reasonable doubt, (4) instructed the jury that Feldman was "not on trial for any offenses not alleged in the indictment," and (5) instructed the jury that it "must determine if the state proved all the elements for the offense alleged in the indictment." Because the jury charge "mitigated [any] tendency of the extraneous-offense evidence" to "distract the jury from the main issues," the fourth factor weighed in favor of admission. *Id.* at 681.

"The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence." *Id.* (citing *Gigliobianco*, 210 S.W.3d at 641). The complained-of evidence in this case was neither scientific nor technical. Rather, it pertained to matters that the jury could easily understand, including witness credibility. As a result, we find that the fifth factor weighed in favor of admission.

As to the sixth factor, the presentation of the extraneous-offense evidence did not consume an inordinate amount of time. A.F.'s direct testimony comprised approximately fifteen pages of transcript in a multi-day trial. The State presented the testimony of eight other

witnesses, in addition to A.F. On this record, we find that the sixth factor also weighed in favor of admission.

After balancing the Rule 403 factors, we find that the trial court could reasonably have concluded that the probative value of A.F.'s testimony was not substantially outweighed by the danger of unfair prejudice. Because the admission of the evidence was within the zone of reasonable disagreement, we find that the trial court did not abuse its discretion. *Id.* at 679. We overrule this issue.

## III. Disposition

For the reasons stated, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    October 23, 2023
Date Decided:    October 27, 2023

Do Not Publish