

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00458-CR

JOSE TIJERINA GARDNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 7091, Honorable John A. Didway, Presiding

September 24, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Jose Tijerina Gardner appeals his conviction of the offense of continuous sexual abuse of a child[1] and the resulting sentence of life imprisonment.[2]  He raises two issues, contending the trial court erred by denying his request for a mistrial and his request for inclusion of lesser-included offense instructions in the jury charge.  We will affirm.

---

[1] TEX. PENAL CODE ANN. § 21.02 (West 2018).

[2] TEX. PENAL CODE ANN. § 12.32 (West 2018).

## Background

By a single indictment, the State alleged that appellant committed two or more acts of sexual abuse against children younger than fourteen years of age during a period of thirty or more days. The indictment alleged acts committed against I.S. and E.S., who were age 11 and 9, respectively, at the time of trial.

At trial, I.S. testified that he, and his brother and sister E.S. and D.S., began living with appellant in Lubbock but later moved with him to Brownfield. I.S. told the jury that initially appellant was "fun" and "nice." However, that changed when appellant started doing "nasties" to him. I.S. described the "nasties" in detail. He told the jury appellant "put his ding-ding in my bottom."[3] He also told the jury appellant made him "rub" appellant's penis. These incidents occurred a few times in Lubbock and continued "many times" after they moved to Brownfield. After the move to Brownfield, I.S. testified, appellant started doing the same things to E.S. I.S. testified that appellant touched his "ding-ding" and his "bottom" and made E.S. touch I.S.'s penis and his bottom. Appellant also made I.S. touch E.S. in the same places. Appellant made I.S. rub his penis "until the milk comes out" and then made him "lick it." I.S. told the jury appellant also made him touch appellant's "ding-ding" with his mouth many times. I.S. also described instances of physical abuse of all three children at the hands of appellant. E.S. gave a description of appellant's sexual acts very like that of I.S. D.S., thirteen at the time of trial, testified she did not know about the sexual abuse of her brothers but testified in detail about appellant's

---

[3] There appears no dispute that I.S. used the term "ding-ding" to refer to penis and the term "bottom" to refer to anus.

physical abuse of each of the children, which included one instance in which he threatened her with a knife.

A sexual assault nurse examiner and a counselor also testified to what each of the children told them. The information gathered was similar to the children's trial testimony.

Analysis

Request for Mistrial

In appellant's first issue, he contends the trial court erred when it denied his request for a mistrial after D.S. referred to appellant's extraneous bad act of threatening her with the knife. During her testimony, she told the jury appellant hit her and her brothers. On this instance, she said, when appellant was angry with her, he "grabbed my hair and then swung me and threw me against the -- like, it's the counter, then the stove, and then the other counter. He threw me right there by the stove and counter. And then he had -- he grabbed a knife and said he was going to kill me."

After the prosecutor asked several additional questions regarding that incident, appellant raised an objection to the line of questioning. The parties discussed the statement with the court outside the presence of the jury. The State argued D.S.'s testimony was admissible under Rule of Evidence 404(b) and section 2 of article 38.37 of the Texas Code of Criminal Procedure. TEX. R. EVID. 404(b); TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2018). The State contended the evidence showed the fear appellant placed in the children and that the fear led them to delay their outcry of sexual abuse. Appellant argued D.S. was not a victim of the offense for which appellant was on trial and

3

that the physical abuse against her was not related to the sexual incidents against I.S. and E.S. After considerable discussion, the trial court sustained appellant's objection.

Defense counsel requested the court to instruct the jury to disregard D.S.'s testimony regarding the knife. The court told the jury, "We've discussed a matter and legal grounds. The last testimony of the witness on the stand regarding the knife and the assault, possible assault on her by . . . the Defendant in this case, you are instructed to disregard that testimony. Okay. I know instructions are hard, but that's what you're instructed to do by the Court. Okay." Defense counsel then moved for a mistrial, stating as grounds therefore that "the harm caused, the prejudice harm is such that the Court's instruction cannot cure the prejudice that's been created." The trial court denied the mistrial.

We review the court's denial of the motion for mistrial under an abuse of discretion standard and must uphold the ruling if it was within the zone of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Id.* (citation omitted). A mistrial should be granted only when less drastic alternatives fail to cure the prejudice. *Id.* at 884-85 (citation omitted). "The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case." *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Generally, "a prompt instruction to disregard by the trial court will cure error associated with improper testimony referring to or implying extraneous offenses, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful

4

impression from the jurors' minds." *Hebert v. State*, 489 S.W.3d 15, 20 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Kemp v. State,* 846 S.W.2d 289, 308 (Tex. Crim. App. 1992)). Curative instructions are presumed effective to withdraw from the jury's consideration almost any evidence or argument that is objectionable. *Id.* (citation omitted). Accordingly, trial conditions must be extreme before a mistrial is warranted. *Id.* (citation omitted).

On appeal, appellant argues the trial court erred because D.S.'s statement "was not an inadvertent or passing reference to some vague or innocuous extraneous offense or bad act. Rather, she described a violent aggravated assault that was unrelated to the crime for which [appellant] was on trial—namely continuous sexual abuse of a child." Appellant contends this evidence differed in "both kind and degree" from the other evidence of physical abuse related by the children. Appellant also asserts the State had little need to elicit this statement from D.S. to explain the delayed outcry, given the expert testimony it presented and the other evidence of physical abuse. Further, appellant asserts that the statement from D.S. was inflammatory and very prejudicial but had little relevance to whether appellant continuously sexually abused I.S. and E.S. He reiterates that D.S. did not know about the sexual abuse.

We see no abuse of discretion in the trial court's ruling. The jury had before it evidence of many extraneous bad acts perpetrated by appellant against the children. Included was testimony that appellant beat the children, sometimes with a belt, put "his fingers down their throat," choked them, and threatened them, among other cruel acts. D.S.'s statement was not so inflammatory, particularly given all of the other evidence before the jury, as to undermine the efficacy of the judge's instruction to disregard. And,

because this was the only act involving a knife, it was clear to the jury to which act the instruction was applicable. We find the presumption that curative instructions are effective applicable in this circumstance. *See Hebert,* 489 S.W.3d at 20. The court did not err in denying the motion for mistrial.

We overrule appellant's first issue.

Request for Instructions Concerning Lesser-Included Offenses

By appellant's second issue, he argues the trial court erred in denying his request that the jury be instructed it was authorized to convict him of lesser-included offenses of aggravated sexual assault of a child or indecency with a child by contact. His argument focuses on the evidence he committed two or more acts of sexual abuse during a period that was thirty or more days in duration. *See* TEX. PENAL CODE ANN. § 21.02(d); *Williams v. State,* 305 S.W.3d 886, 890-91 (Tex. App.—Texarkana 2010, no pet.) (State must prove two acts of sexual abuse "committed over a span of thirty or more days").

The trial court's decision not to submit a lesser-included-offense instruction is reviewed for abuse of discretion. *Ham v. State,* No. 07-15-00329-CR, 2016 Tex. App. LEXIS 7732, at *5-7 (Tex. App.—Amarillo July 20, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Jackson v. State,* 160 S.W.3d 568, 574 (Tex. Crim. App. 2005); *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004)). The circumstances under which an offense is a lesser-included offense of another are defined by statute. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Hall v. State,* 225 S.W.3d 524, 527-28 (Tex. Crim. App. 2007)).

Texas courts apply a two-step test to determine whether a lesser-included-offense instruction requested by a defendant must be given.  *Id.* (citing *Grey v. State,* 298 S.W.3d 644, 645 (Tex. Crim. App. 2009)).  The first step examines whether the asserted lesser offense is included within the proof necessary to establish the greater offense.  *Id.* (citing *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981)).  Application of the first step of the test is a question of law.  *Id.* (citation omitted).  There is no dispute that the first step is satisfied here.  *See Dwyer v. State*, 532 S.W.3d 535, 542 (Tex. App.—San Antonio 2017, no pet.) (citations omitted); *Hines v. State,* No. 02-15-00468-CR, 2017 Tex. App. LEXIS 4071, at *23 (Tex. App.—Fort Worth May 4, 2017, no pet.) (mem. op., not designated for publication) (predicate offenses under § 21.02 as lesser-included offenses).

The second step considers whether there is evidence to permit the jury rationally to find that the defendant, if guilty, is guilty only of the lesser offense.  *Ham,* 2016 Tex. App. LEXIS 7732, at *6 (citations omitted).  "Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given."  *Id.* (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992)).

For his argument, appellant relies on caselaw holding that a "lesser-included offense may be raised if . . . the evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element of the greater."  *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex. Crim. App. 1996) (citing *Saunders,* 840 S.W.2d at 392).

7

Appellant concedes that the evidence establishes he committed two or more acts of sexual abuse, and that the children lived with him for a period of months, thus defining a timeframe for the abuse greater than thirty days. He contends, however, that the boys' "vague and imprecise" descriptions of the period of time during which the acts occurred would have permitted the jury to find the abuse occurred within a thirty-day period. We disagree. The record shows I.S. testified appellant put his penis in I.S.'s anus "a few times" while they lived in Lubbock; he said appellant did the same "many times" while they lived in Brownfield; he agreed it happened "the entire time" they lived in Brownfield; he said appellant required him to put his mouth on appellant's penis "many" times, and said "he did it until we left out of Brownfield." E.S. testified appellant put his penis in E.S.'s anus "many" times; he said appellant started doing so "about . . . a week" after the move to Brownfield; he agreed it happened "until [the children] moved out"; he said appellant required him to touch appellant's penis with his mouth, and with his hand, "many times."

To sustain his appellate issue, appellant must demonstrate his proffered interpretation of the evidence would have allowed the jury rationally to acquit appellant of continuous sexual abuse of the boys and convict him instead of the lesser-included offense. *See Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). It is not enough that the jury might have disbelieved the evidence establishing the greater offense. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). The evidence must establish that the lesser offense was "a valid, rational alternative to the charged offense." *Hall,* 225 S.W.3d at 536 (citation omitted).

The testimony indicates the children lived in Brownfield with appellant for at least eighteen months. We agree with the State the jury could not rationally have accepted

E.S.'s testimony that appellant first abused him about a week after their move to Brownfield, and his testimony the abuse continued until they moved away from appellant, but believe all the acts of abuse occurred within a thirty-day period. Likewise, we find the jury could not have found credible I.S.'s statement appellant abused him in Lubbock, and his statement the abuse continued "until we left out of Brownfield" and still rationally conclude the abuse did not extend beyond a thirty-day period.

Appellant has not demonstrated either of the lesser-included offenses was a rational alternative conclusion of guilt from the evidence the jury heard. His second issue is overruled.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

9